**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-15-00519-CR**
**NO. 09-15-00520-CR**

_____

**CHASE A. BRANT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 221st District Court**
**Montgomery County, Texas**
**Trial Cause No. 15-03-03211-CR (Counts 1 and 2)**

**MEMORANDUM OPINION**

Chase A. Brant filed an appeal from the trial court's oral denial of his request for bond during the pendency of his appeals. In response, the State argued that Brant's appeals should be dismissed because the trial court had not signed written orders reflecting its verbal denial of Brant's request. On September 6, 2016, we abated the appeals and remanded the cases to the trial court for entry of signed orders on Brant's motion for release on bail pending the appeals. On

1

September 13, 2016, the trial court signed an order granting Brant's request and ordering that he "may be released if he makes an appeal bond in the amount of $300,000."

Our review of the records and briefing in these appeals leads us to conclude that we must address whether these cases have become moot. "The mootness doctrine limits courts to deciding cases in which an actual controversy exists." *Ex parte Flores*, 130 S.W.3d 100, 104–05 (Tex. App.—El Paso 2003, pet. ref'd). Thus, an appeal becomes moot when there ceases to be a controversy between the parties. *Id*. at 105.Here, Brant's complaint on appeal pertains only to the trial court's oral denial of his request for bail pending appeal. Brant asked this Court to remand his cases to the trial court so that it could set a reasonable bond in each case. Because the trial court has since granted Brant's request for bond, Brant's sole issue on appeal is moot.

On October 20, 2016, we sent a letter to the parties questioning our jurisdiction and warned the parties that the appeals are subject to dismissal for mootness unless any party desiring to continue the appeals filed a written response by November 4, 2016. The parties did not file a response. Accordingly, we dismiss Brant's appeals. *See* Tex. R. App. P. 42.3(a), 43.2(f).

2

APPEALS DISMISSED.

_____
CHARLES KREGER
Justice

Submitted on August 17, 2016
Opinion Delivered November 16, 2016
Do not publish

Before McKeithen, C.J., Kreger and Horton, JJ.